# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:17-cr-028
                                               Also 3:19-cv-389

                                               District Judge Thomas M. Rose
   - vs -                                Magistrate Judge Michael R. Merz

KURON EVANS,

                Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 187). As with all collateral attacks on criminal judgments filed at the Dayton location of court, the § 2255 Motion is referred to the undersigned for report and recommendations, pursuant to General Order DAY 13-01.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Litigation History**

Defendant Evans was named in the Second Superseding Indictment filed in this case on May 25, 2017, and included in Counts 1, 11, 12, and 15 (ECF No. 51). On August 22, 2018, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 11 which charged him with distribution of heroin in an unspecified amount, an offense carrying a maximum penalty of twenty years imprisonment (ECF No. 157). The parties agreed that the appropriate sentence would be sixty months plus three years supervised release. *Id.* at ¶ 6, PageID 474. Among other things, the United States agreed to recommend that Evans "be allowed to serve his state term of imprisonment prior to the term of incarceration imposed in this case." *Id.* at ¶ 7, PageID 475. Section 7 concludes, "Defendant agrees and understands that these recommendations in Paragraph 7 do not bind the Court, and defendant cannot withdraw his plea if the Court declines to accept these recommendations contained in Paragraph 7." *Id.* Paragraph 12 of the Plea Agreement reads, "This is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties." *Id.* at PageID 476.

Following the required plea colloquy under Fed. R. Crim. P. 11, Judge Rose accepted Evans' guilty plea (Minute Entry, ECF No. 159). On November 27, 2018, and after considering the Presentence Investigation Report from the Probation Department, Judge Rose imposed the agreed sentence and dismissed Counts 1, 12, and 15 (Minute Entry, ECF No. 167; Judgment, ECF No. 168). Evans made no claim at sentencing that he had not been sentenced as agreed upon and he took no appeal; his time to do so expired December 11, 2018. See Fed. R. App. 4(b)(1)(A)(i).

He filed his Motion to Vacate by depositing it in the prison mail system December 5, 2019, less than a week before the statute of limitations would have expired.

## Analysis

Evans pleads one ground for relief:

> **Ground One:** Movant has been denied specific performance of his plea.
>
> **Supporting Facts:** A specific promise and inducement to enter a plea of guilty herein was the promise that Movant would first be allowed to enter state custody and discharge his sentence obligation. In the event he was not so afforded specific performance, and as a result Movant is denied program participation in FBOP including Community Confinement.

(Motion to Vacate, ECF No. 187, PageID 666.)

"Plea agreements are contractual in nature" and are therefore interpreted and enforced in accordance with traditional contract law principles. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002); *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). Once a plea agreement has been interpreted, the burden of proving a breach lies with the party asserting the breach. *United States v. Harris*, 2006 U.S. App. LEXIS 23456 (6th Cir. Sept. 15, 2006), citing *United States v. Smith*, 429 F.3d 620, 630 (6th Cir. 2005).

Principles of contract law are generally applicable to the interpretation and enforcement of plea agreements. *State v. Bethel*, 110 Ohio St. 3d 416 (2006). The Sixth Circuit interprets plea agreements according to traditional contract law principles and construes ambiguities against the government. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). A court "must give

effect to the intent of the parties as expressed by the plain language of the plea agreement." *United States v. Beals*, 698 F. 3d 248, 256 (6th Cir. 2012).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). However, an off-the-record promise, even one admitted later in habeas, is not enforceable if its existence is contradicted by an integration clause in the plea agreement and affirmative representations to the trial court that there are no other promises. *Smith v. Anderson*, 632 F.3d 277, 282-83 (6th Cir. 2011).

Evans has not shown a breach of his Plea Agreement. Nothing in the Plea Agreement as signed and filed promises that he will be allowed to enter state custody before serving his term of federal custody. Rather, it promises that the Government will recommend that provision to the Court (ECF No. 157, PageID 475). There is no indication in the record that the Government breached its promise to make that recommendation and Evans does not allege that such a breach occurred. What he alleges is that he was not allowed to serve his state sentence first, but he does not allege why that happened.

The Plea Agreement does include what the *Anderson* court referred to as an "integration" clause; ¶ 12 says that all the promises on which Evans was relying are contained in the document. As noted above, there is no promise in the Plea Agreement that he will be allowed to serve the state term first, but merely that the Government would make that recommendation. If Evans is relying on some promise made outside the written Plea Agreement, the integration clause prohibits him from doing so.

**Conclusion**

Evans did not receive a written promise that he could serve his state imprisonment first. Because of the integration clause in the Plea Agreement, he cannot rely on some off-the-record promise. Therefore, the Motion to Vacate should be dismissed and the Clerk instructed to enter judgment to that effect under Fed.R.Civ.P. 58. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 16, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).