# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:17-cr-028
                                          Also 3:19-cv-389

                                          District Judge Thomas M. Rose
   - vs -                                  Magistrate Judge Michael R. Merz

KURON EVANS,

                Defendant.      :

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND ALLOWING THE DEFENDANT TO SUPPLEMENT HIS MOTION

This case is before the Court on Defendant's Objections (ECF No. 197) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 188) recommending dismissal of Defendant's Motion to Vacate under 28 U.S.C. § 2255 Motion to Vacate (ECF No. 187). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 198).

The Report was made on initial review of the Motion to Vacate pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. That Rule provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Having conducted that review, the Magistrate Judge concluded that the record did not support Evans' claim that the United States had promised, as part of his Plea Agreement, that he would be allowed to serve his state sentence first before his federal sentence. Instead, the Plea Agreement provides:

> The USAO agrees to make the following recommendations to the Court:
>
> 1) That defendant be given all allowable credit for the time in custody in this case served prior to sentencing;
>
> 2) That defendant be allowed to serve his state term of imprisonment prior to the term of incarceration imposed in this case;
>
> 3) That defendant be recommended to participate in the RDAP program will incarcerated in the federal system.
>
> 4) That any term of imprisonment imposed upon a supervised release violation in Case No. 3:l3CR25TMR, be run concurrent to the imposed sentence in this case.
>
> Defendant agrees and understands that these recommendations in Paragraph 7 do not bind the Court, and defendant cannot withdraw his plea if the Court declines to accept these recommendations contained in Paragraph 7.

(Plea Agreement, ECF No. 157, PageID 474-75.) In other words, the government promised to recommend state time be served first, not that its recommendation would be accepted.

Having reconsidered the Motion to Vacate in light of the Objections, the Magistrate Judge hereby WITHDRAWS the Report. Defendant objects that the Report was based solely on the

Motion and the record already before the Court. While that is what is contemplated by Rule 4, Defendant asserts that he should be given "an opportunity to supplement and amplify his Legal and Factual grounds . . ." (Objections, ECF No. 197, PageID 696). The Magistrate Judge concludes it is appropriate to afford Defendant such an opportunity.

Accordingly, it is hereby ORDERED that Defendant supplement his § 2255 Motion not later than March 1, 2020, with any evidence he has that the United States did not make the recommendation it promised to make and with any evidence to show that the Court should construe the Plea Agreement to mean that the Government promised Evans would be allowed to serve his federal sentence consecutive to his state sentence, rather than that the Government would recommend that result. In particular, Defendant should advise the Court which entity or entities it was that decided the federal term would be served first.

February 7, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge