# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:17-cr-028
                                Also 3:19-cv-389

                                District Judge Thomas M. Rose
- vs -                         Magistrate Judge Michael R. Merz

KURON EVANS,

        Defendant.   :

## DECISION AND ORDER

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 221) to the Magistrate Judge's Report and Recommendations recommending dismissal of Defendant's Motion to Vacate under 28 U.S.C. § 2255 ("Report," ECF No. 215).

Pursuant to Fed.R.Civ.P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(B), a District Judge is required to review *de novo* any portion of a Magistrate Judge's Report and Recommendations to which specific objection is made. The Court has done so and rules on the Objections herein.

As Defendant pleaded his claim in the Motion to Vacate, it was

> **Ground One:** Movant has been denied specific performance of his plea.
>
> **Supporting Facts:** A specific promise and inducement to enter a plea of guilty herein was the promise that Movant would first be allowed to enter state custody and discharge his sentence obligation. In the event he was not so afforded specific performance, and as a

1

> result Movant is denied program participation in FBOP including Community Confinement.

(Motion to Vacate, ECF No. 187, PageID 666.)

The Report notes that Defendant's claim has changed several time during the course of this § 2255 litigation from a Government promise that Evans would be allowed to serve his state sentence first to a claim the Government promised to recommend that result to a third form of the promise, to wit, that the Government would not only make the recommendation in writing in the Plea Agreement, but would make a separate oral recommendation to that effect before sentencing (Report, ECF No. 215, PageID 807-08.)  The Report concluded that claim was without merit because the Plea Agreement has an integration clause, ¶ 12, which says that the written agreement is the only agreement. *Id.* at PageID 810.  The Report also concluded Defendant's claim was procedurally defaulted because it was not raised on appeal. *Id.* at PageID 811-12.

Evans' first objection is that he never abandoned his original claim that the Government promised to contact the BOP after sentencing to recommend he serve his state sentence first (Objections, ECF No. 221, PageID 821-23).  He says that this was his "reasonable understanding" of the Plea Agreement and he is entitled to have it enforced according to that understanding.

The Court rejects this argument.  It is not an objectively reasonable interpretation of the text of the Plea Agreement that the Government promised to do more than it did.  The Government made a recommendation by entering into the Plea Agreement and then stood by that recommendation by not objecting when it became part of the Presentence Investigation Report. Defendant acknowledged by signing the Plea Agreement that the Court was free to reject the recommendations in the Report and that if the Court did so, Evans did not have the privilege of withdrawing his guilty plea.  To put it another way, any expectation that the Government would

ask the BOP to order the state sentence be served first when the District Judge had rejected the recommendation is not an objectively reasonable understanding of what the Plea Agreement says.

In his Objections, Petitioner offers another variant on what he believes he was promised, to wit, that the Government would repeat the recommendation orally and on the record during the sentencing hearing.  But the Court finds that no such promise was made by the United States.  Its statement at the sentencing hearing that it had no objections to the PSI, which contained the recommendation, is completely consistent with the Plea Agreement.  It was not obliged to do more.

Having considered the Report *de novo* in light of the Objections, the Court finds the Objections are without merit and they are OVERRULED.  The Report is adopted and the Motion to Vacate (ECF Nos. 187, 205) is dismissed with prejudice.  The Clerk will enter judgment to this effect.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 9, 2020 \*s/Thomas M. Rose

                                                                                          Thomas M. Rose
                                                                      United States District Judge